PER CURIAM.
¶ 1 A jury convicted Tyler Montour of attempted first-degree intentional homicide and being a felon in possession of a firearm. Postconviction, Montour argued that his trial counsel was ineffective. After an evidentiary hearing, the circuit court concluded that counsel did not perform deficiently and was not ineffective. We agree and affirm the judgment of conviction and the order denying Montour's postconviction motion.[1]
¶ 2 At Montour's jury trial, the victim testified that he and Montour had an encounter in the bar, and the victim saw Montour leave the bar. Shortly after the victim exited the bar, the victim saw Montour hanging out of the passenger side window of a passing vehicle, Montour yelled an epithet and fired a handgun six or seven times at the victim, wounding the victim in the leg. Another witness offered testimony similar to the victim's. The driver of the vehicle testified about Montour's role in the shooting. Other witnesses presented information supporting the State's theory that Montour was the shooter. Montour's counsel explored inconsistencies in the witnesses' statements.
¶ 3 The State requested that the jury be instructed on the lesser included offense of first-degree recklessly endangering safety. Defense counsel conceded that the lesser included offense instruction was appropriate, even though she would have preferred that the jury not be so instructed.
¶ 4 At closing, the State argued that Montour was the shooter and urged the jury to convict him of the charged offenses: attempted first-degree intentional homicide and being a felon in possession of a firearm. In her closing argument, defense counsel suggested that someone else was the shooter and argued that there was insufficient evidence to convict Montour of the greater crime, attempted first-degree intentional homicide. The jury convicted Montour of the greater crime.
¶ 5 Postconviction, Montour moved the circuit court for a new trial due to ineffective assistance of trial counsel because counsel should have conceded his role as the shooter and asked the jury to convict him of the lesser included offense, first-degree recklessly endangering safety. Montour contended that he and counsel never discussed the possibility of seeking instructions on a lesser included offense, but had they done so, Montour would have consented to an argument that he acted recklessly rather than with intent to kill when he fired at the victim and other witnesses. Montour claims that he would have agreed to this defense because a number of unbiased citizen witnesses placed him at the bar and stated that he fired the shots. Montour claimed he did not know that he could disagree with counsel about the previously determined "Montour was not the shooter" defense and request that his defense focus on the lesser included offense.
¶ 6 The circuit court held an evidentiary hearing on Montour's ineffective assistance claim. After hearing testimony from trial counsel and Montour, the circuit court made the following findings of fact about "the circumstances of the case and the counsel's conduct and strategy." State v. Thiel , 2003 WI 111, ¶ 21, 264 Wis. 2d 571, 665 N.W.2d 305 (citation omitted). Trial counsel was experienced. From the outset, counsel and Montour agreed that Montour's defense was that he did not fire the firearm. They wanted a speedy trial because they believed that the State's witnesses had credibility issues. Counsel and Montour met and had sufficient time to prepare for a speedy trial.
¶ 7 The turning point in the defense came at the conclusion of day two of the trial as the State's case was ending. As he and counsel discussed whether he would testify, Montour admitted to counsel that he had fired the weapon, information not previously shared with counsel during the development of the "Montour was not the shooter" trial strategy. Montour wanted to testify about his involvement in the shooting. Counsel recommended against testifying at trial because his testimony would be at odds with the strategy they had discussed and had been pursuing to that point in the trial. Montour had a colloquy[2] with the circuit court about his decision not to testify.
¶ 8 The circuit court made the following credibility determinations. The court deemed not credible Montour's claim that he could not discuss trial strategy with counsel; Montour had the opportunity to and was capable of raising his concerns about trial strategy with counsel even before he conceded to counsel that he fired the weapon, which had the potential to upend the defense's trial strategy. The court deemed counsel credible on this issue and found that she and Montour discussed the possibility of a lesser included offense, and Montour agreed to forego a defense focusing on a lesser included offense.[3]
¶ 9 The circuit court further found that trial counsel's strategy was the same during preparation and at trial: Montour was not the shooter. Once trial started, counsel continued in the previously selected strategy to avoid changing strategy before the jury. Counsel believed that urging conviction of a lesser included offense would be problematic because the trial strategy had been "all or nothing." Even though the jury was instructed on the lesser included offense, counsel believed that there was no reason to argue the lesser included offense because such an argument would have required abandoning the trial strategy that Montour was not the shooter.
¶ 10 The circuit court placed great weight on the fact that Montour did not tell counsel he was the shooter until the close of the State's case. The court found that Montour "was playing a game of bluff with the jury and even with his own attorney and he can't blame her now for his actions and for what he chose to tell her and when. It's difficult to be a defense attorney with regard to what you know about what your client did, what they tell you, and what they don't tell you." The court also cogently reasoned:
I note his admitting that he was participating, he was admitting to firing a weapon, a gun, in the direction of where the victims were standing and that's clearly strong evidence to convict on the charge that he was convicted of, that he was charged with. So there's definitely a strategic reason for her at that point advising him not to testify. It flew in the face of everything they had discussed before trial and how the trial was being conducted.
Finally, after Montour revealed to counsel that he was the shooter, the circuit court engaged him in a colloquy about his decision not to testify. That Montour chose not to testify supports an assessment that Montour was aware of the relevant circumstances and still chose not to testify.
¶ 11 The circuit court concluded that trial counsel did not perform deficiently and rejected Montour's ineffective assistance claim. Trial counsel had a strategy and made decisions consistent with that strategy and her experience. Given the state of the evidence before trial, including the somewhat shaky witness testimony, and Montour's untimely disclosure to counsel that he was the shooter, counsel made a reasonable decision to employ an "all or nothing" strategy throughout the trial. Montour's mid-trial disclosure that he was the shooter would have undermined the defense strategy. In this context, electing not to argue for the lesser included offense was part of the trial strategy to which Montour and counsel committed before Montour leveled with counsel about his involvement in the shooting.
¶ 12 On appeal, Montour argues that his trial counsel performed deficiently because she did not change the "all or nothing" trial strategy to pursue the lesser included offense option after the jury heard evidence that Montour possessed and fired the firearm.
¶ 13 To prevail on an ineffective assistance of counsel claim, "a defendant must demonstrate both that (1) counsel's representation was deficient; and (2) this deficiency was prejudicial." State v. Maloney , 2005 WI 74, ¶ 14, 281 Wis. 2d 595, 698 N.W.2d 583. We will not disturb the circuit court's findings of fact unless they are clearly erroneous. State v. Erickson , 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999). However, the determination of whether counsel's performance fell below the constitutional minimum is a question of law we review independently. Id.
¶ 14 "To demonstrate deficient performance, the defendant must show that his counsel's representation 'fell below an objective standard of reasonableness' considering all the circumstances." State v. Carter , 2010 WI 40, ¶ 22, 324 Wis. 2d 640, 782 N.W.2d 695 (citation omitted). In evaluating counsel's performance, we are highly deferential to counsel's strategic decisions. State v. Balliette , 2011 WI 79, ¶ 26, 336 Wis. 2d 358, 805 N.W.2d 334.
¶ 15 As we have stated, we will uphold the circuit court's findings of fact unless they are clearly erroneous. The circuit court's findings were based on credibility determinations, which were for the circuit court to make. State v. Peppertree Resort Villas, Inc. , 2002 WI App 207, ¶ 19, 257 Wis. 2d 421, 651 N.W.2d 345. On this record, the circuit court's findings regarding " 'the circumstances of the case and the counsel's conduct and strategy,' " Thiel , 264 Wis. 2d 571, ¶ 21 (citation omitted), were not clearly erroneous.
¶ 16 Applying the law governing deficient performance to the circuit court's findings and considering the foregoing, we conclude that counsel did not perform deficiently. Trial counsel developed and pursued a strategy that Montour was not the shooter. Montour chose to pursue that strategy while withholding crucial information that undermined that strategy. Montour argues that the way the evidence came in necessitated a strategy change. As is clear from the record, the strategy issues arose because Montour belatedly informed his counsel that he was the shooter. "[A] defendant cannot create his own error by deliberate choice of strategy and then ask to receive benefit from that error on appeal." State v. Gary M.B. , 2004 WI 33, ¶ 11, 270 Wis. 2d 62, 676 N.W.2d 475 (citation omitted).
¶ 17 On this record, trial counsel did not perform deficiently. We need not consider whether Montour was prejudiced by trial counsel's performance. Maloney , 281 Wis. 2d 595, ¶ 14 ("We need not address both components of the inquiry if the defendant makes an insufficient showing on one.").
By the Court. -Judgme nt and order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5. (2015-16).

The Honorable David M. Reddy presided over trial and entered the judgment of conviction. The Honorable Kristine E. Drettwan entered the order denying Montour's posconviction motion.

Montour does not challenge the adequacy of the colloquy.

Montour alleged that prior to trial, trial counsel told him his case "was good as any," there was a "fifty-fifty chance" he could be acquitted of the charged offenses, and a jury would never convict him of the attempted first-degree intentional homicide charge.